| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR07-5612 FDB |
| ANTONIO SARATE-MECINA, | ORDER DENYING MOTION FOR REDUCTION OF SENTENCE AND FOR APPOINTMENT OF COUNSEL |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Defendant Sarate-Mecina has filed a Motion for Reduction in Sentence based on the United Sates Sentencing Commission's Amendment No. 706. This amendment generally reduces by two levels the base offense levels applicable to crack cocaine offenses. The amendment became retroactive effective March 3, 2008. The government filed a response asserting that the motion should be denied because the relevant guidelines amendment (reduction of two levels) does not alter the Defendant's sentence as the court imposed the statutory mandatory sentence of months.

Defendant Sarate-Mecina was sentenced on September 23, 2008, for conspiracy to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 846, Count 1, and possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), Count 5. Count 1 carried a mandatory minimum sentence of 60 months, and Count 5 carried a mandatory minimum of 120 months. The Court imposed a sentence of 120 months, the statutory minimum. According to the Bureau of Prisons, his release date is June 10, 2016.

ORDER - 1

1 | Jurisdiction to grant a sentence reduction in this case is derived from 18 U.S.C. §
2 | 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a **sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected. The Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence, and that mandate continues to apply. A reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with policy statements if an amendment does not have the effect of lowering the Defendant's applicable guideline range because of the operation of another statutory provision, i.e., a statutory minimum term of imprisonment. See, United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996).

The foregoing indisputably demonstrates that Defendant is not entitled to a reduction in sentence or the need for assistance of counsel. For the reasons set forth above,

IT IS ORDERED:

Defendant's Motion for Appointment of Counsel [Dkt. #36] and Motion for Reduction of Sentence [Dkt. # 34] are **DENIED**.

DATED this 10th day of August, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2